| | |
|---|---|
| WALDRON, LLC, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. _____ |
| HOBBY LOBBY STORES, INC., | ) |
|    Serve Registered Agent: | ) |
|    Corporation Service Company | ) DEMAND FOR JURY TRIAL |
|    10300 Greenbriar Place | ) |
|    Oklahoma City, OK 73159 | ) |
|         Defendant. | ) |

## COMPLAINT

Plaintiff Waldron, LLC (Waldron), through its undersigned attorney of record, files this Complaint against Defendant Hobby Lobby Stores, Inc. (Hobby Lobby), and states and alleges as follows:

### INTRODUCTION

1. This is a lawsuit for patent infringement and copyright infringement.

2. This lawsuit stems from the theft of valuable intellectual property belonging to Waldron.

3. This intellectual property consists of confectionary compositions and designs for confectioners' mats.

4. These confectionary compositions are protected by U.S. Patent No. 7,651,709 (the '709 Patent).

5. The designs for confectioners' mats are protected by a registered U.S. copyright, Registration No. VA 1-828-773.

6. In disregard for Waldron's intellectual property rights, Hobby Lobby sold a confectionary product and confectioners' mats from a competing supplier that infringe the '709 Patent and the copyright bearing Registration No. VA 1-828-773. Further, on information and belief, to this day, Hobby Lobby continues to sell one or both of these infringing products.

7. Accordingly, Waldron seeks the profits that Hobby Lobby earned on infringing sales, treble damages, statutory damages, and its reasonable costs and attorney's fees.

## PARTIES

8. Plaintiff Waldron is a Missouri limited liability company in good standing with a principal place of business in Platte County, Missouri.

9. Defendant Hobby Lobby is Oklahoma corporation in good standing with a principal place of business 7707 SW 44th Street, Oklahoma City, Oklahoma 73179.

## JURISDICTION AND VENUE

10. This is a patent and copyright infringement action brought under the laws of the United States, in particular, 35 U.S.C. § 1, *et seq.* and 17 U.S.C. § 501, *et seq.*

11. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

12. This Court has personal jurisdiction over Hobby Lobby because it has purposefully availed itself of the privilege of conducting business within this State and this District by operating retail stores within this State and this District.

13. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Hobby Lobby has committed acts of infringement in this District.

## FACTUAL BACKGROUND

14. Waldron owns certain intellectual property used in cake design, in particular patented confectionary compositions and copyrighted designs for a confectioners' mat.

15. Waldron's patent confectionary composition are protected in part by the '709 Patent. The '709 Patent was issued on January 26, 2010. A true and correct copy of the '709 Patent is attached hereto as <u>Exhibit A</u>.

16. Waldron's copyrighted designs for a confectioners' mat are protected in part by a copyright bearing Registration No. VA 1-828-773. The copyright was registered on July 13, 2012. A true and correct copy of the registration is attached hereto as <u>Exhibit B</u>.

17. Waldron owns all right, title and interest to the '709 Patent and the copyright referenced herein, including the right to sue for past, present and future infringements.

18. Waldron recently learned that Hobby Lobby sold and, on information and belief, continues to sell a confectionary product that satisfies all the elements of Waldron's patent and a "flower lace silicone mold" that replicates Waldron's copyrighted designs.

19. Attached hereto as <u>Exhibit C</u> is a comparison of the Waldron's copyrighted designs for a confectioners' mat and the "flower lace silicone mold" sold by Hobby Lobby.

20. Likewise, Waldron possesses a video showing the manner in which Hobby Lobby's confectionary product infringes Claim 1 of the '709 Patent.

21. Claim 1 of the '709 Patent provides as follows:

1. A confectionery composition comprising a sweetening ingredient, a proteinaceous material and a thickening agent, said composition having a % stretching of at least about 25% when subjected to a stretching test, wherein said stretching test is carried out at ambient conditions by: (a) forming a line of icing on a substrate by passing said composition through an 18 gauge aperture at a pressure of 4 psi; (b) allowing said line to set for 2 hours; (c) cutting said line into a 2-inch section; (d) stretching said 2-inch section lengthwise until it breaks into two pieces; (e) recording the length at which said breaking occurs and using said breakage length to determine the % stretching of said 2-inch section using the following formula: % of stretching equals the length at breakage (in.) - 2 in. divided by 2 in. x 100 (f) carrying out (a)-(e) a total of three times and determining the average of the three times, said average being the % stretching of said composition.

22. Waldron tested the confectionary product sold by Hobby Lobby against each of the foregoing elements and found each element satisfied.

-3-

## COUNT I: PATENT INFRINGEMENT

23. Waldron incorporates by reference the foregoing allegations as if fully set forth herein.

24. Waldron have committed and/or are continuing to commit direct acts of infringement of the '709 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing a confectionary product that infringes Claim 1 of the '709 Patent, without license or authority from Waldron.

25. Waldron has been damaged as a direct result of the infringement of the '709 Patent. Waldron will continue to be damaged unless further infringement is enjoined.

26. Waldron is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate Waldron for Defendants' infringement of the '709 Patent. Waldron is entitled a reasonable royalty for the infringement and use made of the invention of the '709 Patent by Hobby Lobby, together with interest and costs.

27. On information and belief, Hobby Lobby's infringement of the '709 Patent has been and continues to be deliberate and willful.

28. Hobby Lobby's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

29. Moreover, this is an exceptional case that entitles Waldron to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II: COPYRIGHT INFRINGEMENT

30. Waldron incorporates the foregoing allegations by reference as if fully incorporated herein.

31. Waldron is the owner of all right, title and interest in and to the copyrighted designs for a confectioners' mat protected in part by a copyright bearing Registration No. VA 1-828-773.

32. Hobby Lobby is not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the foregoing designs.

33. Hobby Lobby has sold, offered for sale and/or distributed products that replicate the foregoing designs.

34. Hobby Lobby's conduct has infringed on Waldron's rights in the foregoing designs.

35. On information and belief, Hobby Lobby's infringement was and continues to be deliberate and willful.

36. By reason of Hobby Lobby's infringement, Waldron has sustained and will continue to sustain substantial damages.

37. Waldron is entitled to recover the damages it sustained as a result of Hobby Lobby's conduct as alleged herein pursuant to 17 U.S.C. § 504(a) & (b)

38. Waldron is further entitled to recover the profits Hobby Lobby earned as a result of Hobby Lobby's conduct as alleged herein pursuant to 17 U.S.C. § 504(a) & (b).

39. Waldron is alternatively entitled to recover from Hobby Lobby statutory damages in an amount up to $150,000 per design and illustration that has been infringed, pursuant to 17 U.S.C. § 504(c).

## DEMAND FOR JURY TRIAL

Waldron demands trial by jury on all issues so triable. Waldron designates Kansas City as the place of trial.

## PRAYER FOR RELIEF

WHEREFORE, Waldron respectfully prays that this Honorable Court enter relief as follows:

A. A judgment that Hobby Lobby has infringed the '709 Patent;

B. A judgment that Hobby Lobby has infringed the copyrights encompassed by Registration No. VA 1-828-773;

C. A judgment and order requiring Hobby Lobby to pay damages to Waldron adequate to compensate them for Hobby Lobby's wrongful infringing acts in accordance with 35 U.S.C. § 284;

D. A judgment and order requiring Hobby Lobby to pay increased damages up to three times, in view of their willful and deliberate infringement of the '709 Patent;

E. A finding in favor of Waldron that this is an exceptional case under 35 U.S.C. § 285 and an award of Waldron's costs, including reasonable attorney's fees and other expenses incurred in connection with this action;

F. A judgment and order requiring Hobby Lobby to pay Waldron pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded;

G. A judgment and order requiring Hobby Lobby to pay damages to Waldron adequate to compensate them for Hobby Lobby's wrongful infringing acts in accordance with 17 U.S.C. § 504(a) & (b);

H. Alternatively, a judgment requiring Hobby Lobby to pay statutory damages in an amount up to $150,000 per design and illustration that has been infringed, pursuant to 17 U.S.C. § 504(c);

I. A judgment and order requiring Hobby Lobby to pay Waldron's reasonable costs and attorney's fees as provided by 17 U.S.C. § 505; and

J. Such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ David L. Marcus*
David L. Marcus, KS Bar No. 18034
BARTLE & MARCUS LLC
116 W. 47th Street, Suite 200
Kansas City, Missouri 64112
Telephone: 816- 285-3888
Facsimile: 816- 222-0534
Email: dmarcus@bmlawkc.com

Attorneys for Plaintiff Waldron, LLC